# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALAN URESTI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DAVID BERCHELMANN, et al. | § | SA-11-CV-1052 OG |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION

TO:   Honorable Orlando Garcia
        United States District Judge

This report and recommendation recommends dismissing this case under 28 U.S.C. § 1915 for lack of subject matter jurisdiction.  On December 7, 2011, plaintiff Alan Uresti asked to proceed in forma pauperis.[1]  The district judge referred Uresti's motion to me.  I screened the case under section 1915(e) and determined that the court lacks subject matter jurisdiction over this case.

**Dismissal under 28 U.S.C. § 1915**.  Under 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[2]  This provision permits the court to dismiss those claims whose factual contentions are clearly

---

[1]Docket entry # 1.

[2]28 U.S.C. § 1915(e)(2)(B).

baseless.[3]  Dismissal of a claim as frivolous is appropriate where the claim lacks an

arguable basis either in law or in fact.[4]  Similarly, the "district court may dismiss an

action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as

long as the procedure employed is fair.'"[5]  Analyzing the merits of a plaintiff's claim in a

report and recommendation and giving the plaintiff an opportunity to object to the

recommendation is a fair process for dismissing a case.

**Background of this case**.  This case is the second lawsuit Uresti has pursued in

federal court.  Like the first lawsuit, this case is frivolous.  In the first lawsuit, Uresti

wanted to sue a local attorney and the Milan Institute of Cosmetology (Milan) for alleged

rights violations flowing from a state-court dispute over the custody of Uresti's son.[6]

Uresti complained that Milan released his school records to the attorney pursuant to a

subpoena and sabotaged his efforts to obtain custody of his son.  In my report and

recommendation in that case, I explained that this court lacked jurisdiction over Uresti's

claims because Uresti had not named a state actor for federal-question jurisdiction and no

---

[3]*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[4]*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[5]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted).  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[6]Cause SA-11-CV-903-OG (W.D. Tex. ).

basis existed for diversity jurisdiction.[7]

I also discussed Uresti's protracted litigation history flowing from state-court lawsuits about managing conservatorship of his sons. Uresti has sued every state judicial officer associated with those lawsuits. Because Uresti's litigation history indicated Uresti will continue to pursue litigation aimed at judges and attorneys associated with efforts to obtain conservatorship of his sons, I recommended warning Uresti about the consequences of filing frivolous lawsuits in federal court. The district judge accepted my recommendations, dismissed the first lawsuit as frivolous, and warned Uresti that, "Future lawsuits filed by or on behalf of Plaintiff's behalf that are found to be frivolous may result in sanctions."[8]

**Nature of this case**. This case is a continuation of Uresti's litigation complaining about the conservatorship of his sons. As defendants, Uresti seeks to sue the same state-court judges he has already sued in state court, various other state-court employees, the local sheriff, the attorney named in the first lawsuit, and the state attorney general. The claims presented in Uresti's proposed complaint challenge orders and judgments in state-court lawsuits.

**Because this case challenges orders and judgments in state-court lawsuits, it is barred by the *Rooker-Feldman* doctrine**. Under the *Rooker-Feldman* doctrine, a federal

---

[7]Docket entry # 3, Cause No. SA-11-CV-903-OG (W.D. Tex. Nov. 21, 2011).

[8]Docket entry # 9, Cause No. SA-11-CV-903-OG (W.D. Tex. Dec. 20, 2011).

court lacks jurisdiction to entertain a collateral attack on a state-court order.[9]  "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review."[10]  "The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'"[11]

No question exists that Uresti asks this court to review state-court orders and judgments concerning the conservatorship of his sons.  As an example of allegations evidencing that purpose, Uresti identified himself as a party "who has attempted to gain custody of his first born son whose mother hid him for over fifteen years and managing conservatorship of his second son who lives with him most of the year…."[12]  As the driving motivation for this lawsuit, Uresti stated that he "has been fighting for custody of his first born son who has been hidden, concealed, and kept from him for a period of over 15 years and has had his [constitutional] rights violated by judges who conspired behind closed doors with and without ex[ ]parte communications with Fellow

---

[9]*See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[10]*Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995).

[11]*Liedtke*, 18 F.3d at 317.

[12]*See* proposed complaint, ¶ 2.

Defendants to prevent [him] from having access to and of his sons."[13]  He complained that the state-court judges conspired with the attorney in an effort to prevent him from gaining conservatorship of his son.[14]  He further complained about the subpoena challenged in the first federal lawsuit.[15]

As further motivation for this lawsuit, Uresti stated that he had "filed a lawsuit in State District Court against [the attorney and  state court judge], but the Court claimed it had no jurisdiction on matters regarding violations of due process as it was a federal matter and dismissed [the] case."[16]  About why he sued the county sheriff, Uresti alleged that he "was arrested in presiding court, and manhandled by the Defendant Deputy Sheriff, and kept incarcerated by the Sheriff past his jury trial date in []his Trial efforts to gain custody of his first son in violation of his rights to due process to be brought before a judge within a stipulated time."[17]

Each of the above exemplary allegations flowed from Uresti's efforts to gain conservatorship of his sons and from state-court orders and judgments addressing that matter.  To the extent that Uresti complained about violations of his rights to due process,

---

[13]*Id.*, ¶ 123.

[14]*Id.*, ¶¶ 124–128.

[15]*Id.*, ¶¶ 137-147, 155-160 & 169.

[16]*Id.*, ¶ 127.

[17]*Id.*, ¶ 170.

freedom of expression, freedom from unreasonable seizure, trial by jury, and confrontation of witnesses,[18] those complaints also flowed from state-court judgments about the conservatorship of Uresti's sons.   Every issue Uresti complains about in this case is inextricably intertwined with a state-court order and/or judgment and calls on this court to review the state-court decision.   Because the court is barred from reviewing state-court decisions, the court lacks subject matter jurisdiction.   As such, this case is barred by the *Rooker-Feldman* doctrine.

In addition to being barred, this case is frivolous because Uresti's claims lack an arguable basis either in law or in fact.   Throughout the proposed complaint, Uresti complains about the same conduct and the same defendants identified in the first lawsuit.   For example, he alleged that "Defendant Dunn[—a Milan employee named in the first lawsuit—] was acting as Defendant Milan's Agent and therefore owed Milan a fiduciary duty to protect it from harm by complying with the law pertaining to the privacy rights of the Plaintiff."[19]   Thus, it appears Uresti seeks to avoid the result in the first federal lawsuit.

**Uresti should be sanctioned for filing this lawsuit**.  The district court's warning about filing frivolous lawsuits was issued after Uresti filed this case, but Uresti nevertheless knew there were consequences for filing a frivolous lawsuit.   Uresti knew

---

[18]*Id.*, ¶¶ 5-12.

[19]*Id.*, ¶ 164.

that he could be sanctioned because I discussed the possibility of sanctions in my report and recommendation in the first lawsuit and because Uresti received the report and recommendation before he filed this lawsuit.[20]  Under this circumstance, it is appropriate to sanction Uresti under Rule 11 without further warning.

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[21]  I discussed Uresti's litigation history in my first report and recommendation.  Despite that discussion, Uresti filed this lawsuit, targeting judges and attorneys associated with his efforts to obtain conservatorship of his sons in this lawsuit.  For this reason, I do not recommend an incremental approach to deter Uresti from filing frivolous and harassing litigation in the future.  Instead, I recommend a pre-filing injunction.

**A pre-filing injunction is appropriate**.  "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation.  A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants."[22]

---

[20]*Compare* docket entry # 1 in this case (reflecting filing date as Dec. 7, 2011) *with* docket entry # 6 in Cause No. SA-11-CA-093-OG (showing receipt of the report and recommendation on Nov. 23, 2011).

[21]Fed. R. Civ. P. 11 (c)(4).

[22]*Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008) (internal citations omitted).

> In determining whether it should impose a pre-filing injunction…, a court must weigh all the relevant circumstances, including the following four factors:
>
> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.[23]

Uresti's litigation history was sufficiently detailed in my earlier report and recommendation to show that a lesser sanction will not deter Uresti from filing frivolous lawsuits.  Uresti has a pattern of suing persons associated with the state-court proceedings about the conservatorship of his sons.  Because no good faith basis exists for pursuing such litigation, this lawsuit serves only to harass named defendants.  The number of Uresti's cases, and the nature and number of named defendants, have substantially burdened the courts and the named defendants.  A pre-filing injunction enjoining Uresti from filing lawsuits aimed at persons associated with proceedings for the conservatorship of Uresti's sons is the only sanction that will deter future frivolous lawsuits.

**Recommendations**.  Because Uresti's claims are barred by the *Rooker-Feldman* doctrine, I recommend dismissing this case for lack of subject matter jurisdiction.  To the extent that Uresti may complain about a lack of notice that the court is considering

---

[23]*Baum*, 513 F.3d at 189.

dismissal of this case, Uresti should treat this report and recommendation as notice and respond in accordance with the instructions that follow.

Because Uresti failed to heed a judicial warning about filing frivolous lawsuits, I recommend sanctioning Uresti. Because a lesser sanction will not deter frivolous filings in the future, I recommend enjoining Uresti from filing lawsuits aimed at persons associated with the conservatorship of Uresti's sons, in any federal court, without first obtaining permission from a federal judge in this district. Because no motion for sanctions is before the court, Uresti should consider this report and recommendation as notice that the court is considering a pre-filing injunction and respond in writing why this lawsuit does not violate Rule 11.[24] The failure to object to the recommendation for sanctions may be interpreted as Urseti's admission that his claims are frivolous.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same,

_____

[24] *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

unless this time period is modified by the district court.[25]  Such party shall file the

objections with the clerk of the court, and serve the objections on all other parties.  A

party filing objections must specifically identify those findings, conclusions or

recommendations to which objections are being made and the basis for such objections;

the district court need not consider frivolous, conclusive or general objections.  A party's

failure to file written objections to the proposed findings, conclusions and

recommendations contained in this report shall bar the party from a *de novo*

determination by the district court.[26]  Additionally, failure to file timely written

objections to the proposed findings, conclusions and recommendations contained in this

report and recommendation shall bar the aggrieved party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court.[27]

      **SIGNED** on February 3, 2012.

            NANCY STEIN NOWAK
            UNITED STATES MAGISTRATE JUDGE

---

[25]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[26]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[27]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).